UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

MARK DUTTON, *on behalf of himself and all others similarly situated,*

Plaintiff,

-against-

COMMODORE CONSTRUCTION, CORP.,

Defendant.
---------------------------------------------------------------x

**ORDER**

25 Civ. 8153 (KMK) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

At the October 2, 2026 conference, the Court directed Plaintiff's counsel to provide one email that he received from Doron Netanel, the former Chief Executive Officer of Defendant Commodore Construction Corp. ("Commodore"), for the Court's *in camera* review. The purpose of this review was for the Court to evaluate whether this communication involved the transmission of any privileged information belonging to Commodore. The email, which included two attachments, was described at the conference as pertaining to an issue that involved a communication with a third-party, *i.e.*, a party other than Commodore.

Plaintiff's counsel provided a copy of this email and attachments to the Court on Friday, October 2, 2026. The email and attachments originally were sent by Mr. Netanel to Plaintiff's counsel on July 29, 2026. The email and attachments do not contain any privileged information belonging to Commodore.

* * * * * * * * * *

On Monday, October 5, 2026, Plaintiff's counsel, on their own, decided to provide to the Court what they described "all of [counsel's] communications with Mr. Netanel." This included

two additional emails (with attachments), an exchange of text messages between counsel and Mr. Netanel, and an exchange of messages on LinkedIn between counsel and Mr. Netanel.

The LinkedIn messages and the text messages do not contain any privileged information belonging to Commodore.

The first additional email is a response from Plaintiff's counsel to Mr. Netanel's July 29, 2026 email, and was also sent on July 29, 2026. It includes as attachments two documents that were produced to Plaintiff by Commodore during discovery in this case, and what is described in the email as "a rough draft of a possible declaration." The email itself does not contain any privileged information belonging to Commodore, and the two attached documents that had been produced in the litigation of course do not contain any privileged information belonging to Commodore. As for the "rough draft declaration," the Court will not attempt to assess whether this document contains any privileged information belonging to Commodore. For the reasons stated at the October 2, 2026 conference, Plaintiff's counsel was not required to provide draft declarations to the Court for *in camera* review, and the Court declines to attempt to parse whether the information from the "rough draft declaration" that ultimately was not included in the final declaration was information that Plaintiff's counsel learned, for example, through document and deposition discovery in this litigation, or through discussions with Mr. Netanel.

The second additional email was sent by Plaintiff's counsel to Mr. Netanel on August 27, 2026, and attaches a revised draft of the declaration. The email itself does not contain any privileged information belonging to Commodore, and the revised draft declaration attached to the email is substantively identical to the final version of the declaration signed by Mr. Netanel which, as Commodore's counsel acknowledged at the October 2, 2026 conference, does not contain any privileged information.

* * * * * * * * * *

Based on the Court's review of the materials provided by Plaintiff's counsel for *in camera* review, Plaintiff is not required to provide copies of any of these documents to Defendant in advance of Mr. Netanel's deposition.

Dated: October 6, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge